UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

RICHARD DENNIS ANDERSON,

    Plaintiff,

v.

PEOPLE OF CALIFORNIA, et. al.,

    Defendants.

No. C 16-0006 NJV (PR)

**ORDER FOR PLAINTIFF TO SHOW CAUSE**

This is a civil rights action filed pro se by a detainee at San Francisco County Jail. It is difficult to discern plaintiff's claims. Though this was filed as a civil rights action, plaintiff seeks habeas relief. He discusses police interrogations, false police reports, and anti-psychotic medication. The relief he seeks is to be released from custody.

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). Federal courts should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions." *Younger*, 401 U.S. at 46, 53-54 (cost, anxiety and inconvenience of criminal defense not kind of special circumstances or irreparable harm that would justify federal court intervention; statute must be unconstitutional in every "clause, sentence and paragraph, and in whatever manner" it is applied). Abstention may be inappropriate in the "extraordinary circumstance" that (1) the party seeking relief in federal court does not have an adequate remedy at law and will suffer irreparable injury if denied equitable relief, *see Mockaitis v. Harcleroad*, 104 F.3d

1522, 1528 (9th Cir. 1997) (citing *Younger*, 401 U.S. at 43-44), or (2) the state tribunal is incompetent by reason of bias, *see Gibson v. Berryhill*, 411 U.S. 564, 577-79 (1973). A party who alleges bias must overcome a presumption of honesty and integrity in those serving as adjudicators. *See Hirsh v. Justices of the Supreme Court of Cal.*, 67 F.3d 708, 713 (9th Cir. 1995) (citation omitted).

Before he may challenge either the fact or length of his confinement in a habeas petition in this court, petitioner must present to the California Supreme Court any claims he wishes to raise in this court. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted). The general rule is that a federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. *Id.*

If plaintiff is a pretrial detainee challenging ongoing state criminal proceedings he shall show cause why this case should not be dismissed pursuant to *Younger*. If plaintiff has already been convicted he must clarify the circumstances of his conviction and demonstrate that he has exhausted his state remedies to any claims he presents.

## CONCLUSION

Plaintiff shall show cause by within **twenty-one (21) days** from the date of service of this order why this case should not be dismissed. Failure to reply will result in dismissal.

**IT IS SO ORDERED.**

Dated: January 21, 2016.

NANDOR J. VADAS
United States Magistrate Judge