UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

RICHARD DENNIS ANDERSON,

    Plaintiff,

    v.

PEOPLE OF CALIFORNIA, et. al.,

    Defendants.

No. C 16-0006 NJV (PR)

**ORDER OF DISMISSAL**

This is a civil rights action filed pro se by a detainee incarcerated at San Francisco County Jail. It is difficult to discern plaintiff's claims. Though he filed a civil rights action, plaintiff seeks habeas corpus relief and he appears to be a pre-trial detainee. He discusses police interrogations, false police reports, and anti-psychotic medication. For relief he seeks to be released from custody. The court ordered plaintiff to show cause why this case should not be dismissed pursuant to *Younger v. Harris*, 401 U.S. 37, 43-54 (1971). Plaintiff has not filed a response or otherwise communicated with the court.

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger*, 401 U.S. at 43-54. Federal courts should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions." *Younger*, 401 U.S. at 46, 53-54 (cost, anxiety and inconvenience of criminal defense not kind of special circumstances or irreparable harm that would justify federal court intervention; statute must be unconstitutional in every "clause, sentence and paragraph, and in whatever manner" it is applied). Abstention may

be inappropriate in the "extraordinary circumstance" that (1) the party seeking relief in federal court does not have an adequate remedy at law and will suffer irreparable injury if denied equitable relief, *see Mockaitis v. Harcleroad*, 104 F.3d 1522, 1528 (9th Cir. 1997) (citing *Younger*, 401 U.S. at 43-44), or (2) the state tribunal is incompetent by reason of bias, *see Gibson v. Berryhill*, 411 U.S. 564, 577-79 (1973).

        Plaintiff has failed to respond and a review of his complaint does not indicate extraordinary circumstances to warrant federal court intervention.[1] The complaint is **DISMISSED** and all pending motions are denied as moot.

        **IT IS SO ORDERED.**

Dated: March 24, 2016.

NANDOR J. VADAS
United States Magistrate Judge

---

[1] Nor has plaintiff shown that any claim has been exhausted if he has already been convicted and the court were to construe the filing as a habeas petition.